IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:24-CV-196-FL

| PATRIKA CARPENTER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| LELAND DUDEK,[1] Acting | ) |  |
| Commissioner of Social Security, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

This matter comes before the court on the parties' briefs filed pursuant to the court's June 10, 2024, notice under the Supplemental Rules for Social Security Actions. (DE 12, 13). Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), United States Magistrate Judge Robert B. Jones, Jr., issued a Memorandum and Recommendation ("M&R") (DE 14), wherein it is recommended that the court affirm defendant's final decision denying social security benefits. Plaintiff timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R as its own and affirms defendant's final decision.

### BACKGROUND

On October 27, 2020, plaintiff filed application for supplemental security income and on November 20, application for child's insurance benefits, alleging disability beginning September

---

[1] Leland Dudek became the Acting Commissioner of Social Security February 19, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek is substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

16, 2016. A hearing was held May 8, 2023, before an Administrative Law Judge ("ALJ"), who determined that plaintiff was not disabled in a decision dated June 12, 2023. After the appeals council denied plaintiff's request for review, plaintiff commenced the instant action March 29, 2024, seeking judicial review of defendant's decision.

**COURT'S DISCUSSION**

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits and must uphold the ALJ's factual findings if "supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," requiring "more than a mere scintilla . . . but less than a preponderance." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019);[2] Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendants' when reviewing for substantial evidence. Craig, 76 F.3d at 589. To survive this review, the ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion" and "build an accurate and logical bridge from the evidence to [the] conclusion." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015); Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016).

The court may "designate a magistrate judge to [provide] . . . proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). It may then "accept, reject, or modify, in whole or in part, the findings or recommendations." 28 U.S.C. § 636(b)(1). The parties may object to the

---

[2] Internal citations and quotation marks are omitted from all citations unless otherwise specified.

magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). "[A] party wishing to avail itself of its right to de novo review must be sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." Osmon v. United States, 66 F.4th 144, 146 (4th Cir. 2023). "[O]bjections need not be novel to be sufficiently specific.". Elijah v. Dunbar, 66 F.4th 454, 460-61 (4th Cir. 2023).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medial impairment meets or exceeds the severity of one of the [listed] impairments; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security plaintiff during the first four steps of the inquiry but shifts to defendant at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the amended alleged onset date, May 24, 2019. (Tr. 13).[3] At step two, the ALJ found that plaintiff had the following severe impairments: schizoaffective disorder and borderline intellectual functioning. (Tr. 13-15).

---

[3] Unless stated otherwise, page numbers cited in this order refer to the page numbers showing on the face of the transcript (DE 8), and not the page numbers showing in the court's electronic case filing system.

However, at step three, the ALJ determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in the regulations. (Tr. 15-17); 20 C.F.R. § 404, Subpt. P, App. 1.

Before proceeding to step four, the ALJ determined that, during the relevant period, plaintiff had the Residual Functional Capacity ("RFC") to perform work at all exertional levels, subject to the following limitations:[4]

> She can understand, remember, and carry out simple instructions. She can sustain concentration, attention, and pace sufficiently to carry out those simple instructions over the course of an 8-hour workday and at 2-hour intervals. She can have occasional interaction with the public and supervisors.

(Tr. 17). At step four, the ALJ concluded that plaintiff had no past relevant work. (Tr. 18). However, at step five, the ALJ found, based upon consideration of plaintiff's age, education, work experience, and RFC, that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. (Tr. 21). Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act. (Id.).

B.  Analysis

Plaintiff identifies no particular error in the M&R analysis but objects to its determinations, arguing that the ALJ erred by 1) formulating an RFC that failed to account for limitations on interactions with co-workers, and 2) inadequately evaluating the opinion of plaintiff's treating therapist, Thomas Pedigo ("Pedigo").

Upon careful review of the record, the court finds that the M&R already has addressed cogently the arguments set forth in plaintiff's objections, and the court discerns no errors upon de novo review of the objections. See Elijah, 66 F.4th at 460. Therefore, the court adopts the analysis

---

[4] In making this assessment, the ALJ found that plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were inconsistent with the medical and other evidence in the record. (Tr. 13-19).

of the M&R as its own. The court writes separately to augment the analysis in the M&R, addressing the issues raised by each objection in turn below.

1. Co-worker Interaction Limitation

Plaintiff argues that the ALJ failed to consider limitations on co-worker interactions in the RFC, citing state agency consultant Howard Leizer's ("Leizer") recommendation of "up to 4 hours per day of interaction with the public and co-workers." (Pl. Obj. (DE 15) at 3-4; Tr. 19, 99). Plaintiff contends her limitation on interacting with co-workers conflicts with the identified jobs' Dictionary of Occupational Titles ("DOT")[5] "people-rating" of "8," reflecting the lowest level of social interaction. Accordingly, plaintiff argues that remand is required because the ALJ's hypothetical to the vocational expert ("VE") did not include this limitation. The court disagrees.

An ALJ must resolve apparent conflicts between the DOT and VE testimony. See Lawrence v. Saul, 941 F.3d 140, 143 (4th Cir. 2019); Pearson v. Colvin, 810 F.3d 204, 209 (4th Cir. 2015). In Thomas v. Berryhill, 916 F.3d 307, 313–14 (4th Cir. 2019), for example, the United States Court of Appeals for the Fourth Circuit determined remand was required due to a conflict between an RFC limiting the claimant to "short, simple instructions" and DOT Level 2's "detailed but uninvolved instructions." Here, by contrast, no comparable conflict exists. Both Leizer's opinion and the ALJ's determination limit plaintiff to the lowest level of social interaction. (Tr. 21). Furthermore, the ALJ reviewed the DOT classifications showing minimal interaction and

---

[5] The DOT is a "Social Security Administration resource[ ] that list[s] occupations existing in the economy and explain[s] some of the physical and mental requirements of those occupations." Pearson, 810 F.3d at 205 n.1. The Social Security Administration also uses a companion resource to the DOT, entitled Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (1993), that explains additional physical and environmental demands of the occupations listed in the DOT. Id. at 210.

5

confirmed consistency with the VE's testimony, satisfying the duty to resolve conflicts with the DOT.

In particular, the jobs identified by the ALJ require minimal social interaction, as evidenced by the DOT "people" rating of "8," indicating the lowest level of human interaction and involving tasks rather than human interaction. (Tr. 17, 21); see U.S. Dep't of Labor, Dictionary of Occupational Titles, App. B, § 04 (4th ed. rev. 1991). The DOT codes for the jobs the ALJ found plaintiff capable of performing reflect this, including roles rated "taking instructions-helping" as "not significant," and "talking" and "hearing" as "not present." DOT No. 323.687-010; 1991 WL 672782 (cleaner, hospital); DOT No. 319.687-010, 1991 WL 672772 (counter-supply worker); DOT No. 323.687-014, 1991 WL 672782 (cleaner, housekeeping), (hereinafter, the "DOT codes").

These identified jobs require tasks like cleaning and laundering without significant interactions with coworkers, id., thereby addressing plaintiff's argument that job duties have changed over time (DE 15 at 6). The DOT remains valid for vocational assessments, and there is no legal requirement for expert testimony unless limitations are exceptional or medically complex. See SSR 00-4p; 20 C.F.R. § 404.1566(d); Richardson v. Perales, 402 U.S. 389, 408 (1971); Pearson, 810 F.3d at 209.

Plaintiff also argues the "people" scale is imprecise and requires expert testimony. (DE 15 at 4-6). However, courts in this circuit routinely uphold application of the DOT, including the "people" scale, as a reliable framework for vocational assessments. Lawrence, 941 F.3d at 143. Likewise, plaintiff's reliance on Program Operations Manual System ("POMS") DI 25020.010(B)(3)(l),[6] emphasizing the importance of getting along with coworkers, is misplaced.

---

[6] POMS DI 25020.010 refers to the program operations manual system section on mental limitations and outlines the criteria and considerations for evaluating mental impairments in the context of social security disability claims.

6

(DE 15 at 7-8). POMS DI 25020.010(B)(2)(a) states that unskilled work involves minimal social interaction, and the ALJ identified jobs where social limitations do not prevent performance. (Tr. 21). The ALJ's determination is supported by vocational evidence, showing jobs requiring limited interaction that plaintiff can perform. (Id.).

Finally, plaintiff argues that the ALJ needed to explicitly question the VE about co-worker interactions. (DE 15 at 3-4). Plaintiff suggests the ALJ's decision lacks an explanation for why the ALJ adopted social interaction restrictions for supervisors and the public but not for coworkers. However, tasks such as cleaning and laundering do not involve substantial interaction with coworkers, aligning with the RFC's limitation to minimal social interaction. See DOT codes. Moreover, the record, including the DOT classification, medical history, and the ALJ's RFC analysis, supports the conclusion that plaintiff can perform jobs with minimal interaction. (Tr. 17, 20-21). Plaintiff has not demonstrated that remanding to include further limitations would change the outcome. Lewis v. Celebrezze, 359 F.2d 398, 400 (4th Cir. 1966).

Accordingly, plaintiff's attempts to challenge the DOT's validity and argue for expert testimony fail. The ALJ's reliance on the DOT classifications and comprehensive review of the evidence is well-supported by the record and applicable precedent. Plaintiff's objections in this part thus are overruled.

2. Treating Therapist

Plaintiff argues the ALJ failed to account for Pedigo's opinion that plaintiff's "symptoms can contribute to poor attendance and tardiness, difficulty getting along with coworkers and supervisors, difficulty remembering work tasks and procedures, slower pace and quality in work performance, and difficulty following conversations, among other deficits," rendering her "unable to work in any venue." (DE 15 at 8; Tr. 777). Pedigo's treatment notes, however, show that

7

plaintiff's symptoms "diminished in frequency and intensity during her treatment" (Tr. 19; see e.g., Tr. 511-523; 541-549; 576-85; 593-597; 611-12; 777-781). The ALJ provided a thorough narrative discussion of the evidence supporting her determination to give little weight to Pedigo's opinion (Tr. 17-22), citing that plaintiff's symptoms were largely controlled by medication, (Tr. 19; Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) ("If a symptom can be reasonably controlled with medication or treatment, it is not disabling), and that her treatment was conservative in nature. See Dunn v. Colvin, 607 F. App'x 264, 275 (4th Cir. 2015) (affirming the ALJ's decision, in part, because the claimant's symptoms required only conservative treatment and holding that an ALJ can properly rely on conservative treatment and non-compliance in making a credibility finding). Therefore, the court finds no error in the ALJ's evaluation of the medical opinion evidence.

Having reviewed the entire record de novo, the court agrees with the findings and analysis set forth in the M&R, and, therefore, adopts the M&R in full.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 14), and the final decision of the Commissioner is AFFIRMED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 24th day of March, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge